**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SIDHU DAVIS** | **CIVIL ACTION** |
| **v.** | **NO: 25-2280** |
| **TIMOTHY SOIGNET, ET AL.** | **SECTION: C (2)** |

**ORDER AND REASONS**

Before the court is defendants' Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim filed December 12, 2025 (R. Doc. 10).

## I. BACKGROUND[1]

Plaintiff, Sidhu Davis, alleges he was an inmate awaiting trial in Terrebonne Parish when defendant, Zakyrus Gordon,[2] a deputy sheriff for Terrebonne Parish, and defendant, Timothy Soignet, the Terrebonne Parish Sheriff, violated his U.S. Constitution Eighth Amendment rights and the corresponding provision of the Louisiana Constitution.

In summary, Davis' complaint alleges that:

> When Gordon requested his identification, Davis provided it, while pointing his finger "like a gun motion" at Gordon.[3] Gordon told Davis to lower his finger but Davis refused and made a "verbal noise as if a gun was fired."[4] There was no physical contact.[5] After Davis refused,

[1] Plaintiff's original petition for damages was filed in Louisiana state court (R. Doc. 3-2 at 1–8) then removed to federal court (R. Doc. 3).
[2] It appears plaintiff mistakenly refers to defendant Zakyrus Gordon as "Zackrus Gordon" in his complaint.
[3] R. Doc. 3-2 at 3.
[4] *Id.* at 3–4.
[5] *Id.* at 3.

> Gordon attempted to handcuff him.[6] Davis was placed in "lockdown" by Gordon, causing injury to Davis' arm.[7] Two days later Davis had surgery for his injury.[8] Following surgery, Davis has limited use of the injured arm.[9]

Davis contends Gordon used excessive force without provocation, that Davis did not pose a physical threat and was compliant, and that Gordon's actions were malicious, sadistic, and intended to cause harm rather than maintain discipline.[10] Davis further argues Gordon acted with deliberate indifference to Davis' safety and well-being.[11]

Soignet and Gordon jointly filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[12] Among other arguments and defenses, they argue video evidence proves Davis' complaint fails to state a claim upon which relief can be granted.

## II. ANALYSIS

A Rule 12(b)(6) motion challenges the sufficiency of a plaintiff's allegations. A complaint, or any part of it, may be dismissed for failure to state a claim upon

---

[6] *Id.* at 4.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.* at 5.
[12] Plaintiff attempted to file responses to the motion to dismiss. Both were deficient and rejected by the court. Therefore, defendants' motion is unopposed. However, failure to oppose a motion to dismiss does not on its own give the court grounds to grant the motion and dismiss the case. *Pramann v. Janssen Pharmaceuticals, Inc.*, No. 16-cv-12413, 2017 WL 58469, at *1 (E.D. La. Jan. 5, 2017) (citing *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012)).

which relief may be granted, if plaintiff fails to set forth factual allegations that would entitle him to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

In evaluating a Rule 12(b)(6) motion, the court should confine itself to the pleadings and documents attached to the complaint. *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Carter v. Target Corp*, 541 Fed. Appx. 413, 416 (5th Cir. 2013). The court "may also consider matters of which [it] may take judicial notice." *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996)).

Consideration of evidence attached to a Rule 12(b)(6) motion, but not incorporated by reference in the complaint, converts the motion into a Rule 12(d) motion for summary judgment. *Hodge v. Engleman*, 90 F.4th 840, 845 (5th Cir. 2024) ("Although the court may rely on documents that the pleadings incorporate by reference, [plaintiff] did not attach the video evidence to the pleadings, nor did the pleadings refer to the videos sufficiently to incorporate them … Therefore, by reviewing the appended video evidence [to the motion to dismiss], the district court

moved beyond the pleadings and to the summary judgment stage….") (internal citations and quotation marks omitted).

There are no documents attached to Davis' complaint, and, despite defendants' contrary statement, the complaint does not refer to a video of the incident.[13] However, the Court has discretion to accept material beyond the scope of Rule 12(b)(6), thus converting the motion to one for summary judgment. *Isquith v. Middle South Utilities., Inc.*, 847 F.2d 186, 193, n. 3 (5th Cir. 1988). When converted, the parties are entitled to notice and an opportunity to supplement their pleadings. *Allen v. Hays*, 812 F. App'x 185, 190 (5th Cir. 2020) (citing Rule 12(d)).

Without addressing the other arguments for dismissal set forth in the Rule 12(b)(6) motion, the video of the incident attached to defendants' motion to dismiss is likely to facilitate disposition of the claims. Thus, the court converts the current Rule 12(b)(6) motion to a Rule 12(d) summary judgment motion.

## III. CONCLUSION

**IT IS ORDERED** that defendants' Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (R. Doc. 10) is converted to a Rule 12(d) motion for summary judgment.

[13] R. Doc. 10-1 at 7 ("In *Poole v. City of Shreveport*, 691 Fed 3d 624 (5th Cir. 2012), the Fifth Circuit set forth the appropriate summary judgment standard in cases involving videotape evidence **and we respectfully suggest it is appropriate for a 12(b)(6) motion as well.**") (emphasis added).

**IT IS FURTHER ORDERED** that defendants may supplement their motion on or before **August 25, 2026**.

**IT IS FURTHER ORDERED** that defendants submit a statement of facts under Local Rule 56.1 on or before **September 1, 2026**.

**IT IS FURTHER ORDERED** that plaintiff provide a statement of facts under Local Rule 56.2 and file any response memorandum, including any supporting evidence, on or before **September 15, 2026**.

**IT IS FURTHER ORDERED** that the Rule 12(d) motion be submitted, without oral argument, on **September 15, 2026**.

New Orleans, Louisiana this 18th day of August 2026

WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE