**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SIDHU DAVIS** | **CIVIL ACTION** |
| **v.** | **NO: 25-2280** |
| **TIMOTHY SOIGNET, ET AL.** | **SECTION: C (2)** |

# ORDER AND REASONS

Before the court is the Motion for Summary Judgment filed on December 12, 2025, by defendants, Timothy Soignet and Zakyrus Gordon (R. Doc. 10). The motion is **GRANTED**.

## I. BACKGROUND[1]

Plaintiff, Sidhu Davis, alleges he was an inmate awaiting trial in Terrebonne Parish when Gordon,[2] a deputy sheriff for Terrebonne Parish, and Soignet, the Terrebonne Parish Sheriff, violated his U.S. Constitution Eighth Amendment rights and a corresponding provision of the Louisiana Constitution.

In summary, Davis' complaint alleges that:

> When Gordon requested his identification, Davis provided it, while pointing his finger "like a gun motion" at Gordon.[3] Gordon told Davis to lower his finger but Davis refused and made a "verbal noise as if a gun was fired."[4] There was no physical contact.[5] After Davis refused,

[1] Plaintiff's original petition for damages was filed in Louisiana state court (R. Doc. 3-2 at 1–8) then removed to federal court (R. Doc. 3).
[2] It appears plaintiff mistakenly refers to defendant Zakyrus Gordon as "Zackrus Gordon" in his complaint.
[3] R. Doc. 3-2 at 3.
[4] *Id.* at 3–4.
[5] *Id.* at 3.

> Gordon attempted to handcuff him.[6] Davis was placed in "lockdown" by Gordon, causing injury to Davis' arm.[7] Two days later Davis had surgery for his injury.[8] Following surgery, Davis has limited use of the injured arm.[9]

Davis contends Gordon used excessive force without provocation, that Davis did not pose a physical threat and was compliant, and that Gordon's actions were malicious, sadistic, and intended to cause harm rather than maintain discipline.[10] Davis further argues Gordon acted with deliberate indifference to Davis' safety and well-being.[11]

Soignet and Gordon jointly filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[12] They argued video evidence proves Davis' complaint fails to state a claim upon which relief can be granted. Pursuant to Federal Rule of Procedure 12(d), defendants' motion to dismiss was converted to one for summary judgment.[13] All parties were permitted to file supplemental briefs, as well as statements of facts under the local rules.[14] Defendants filed additional materials,[15] while Davis did not.

---

[6] *Id.* at 4.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.* at 5.
[12] R. Doc. 10.
[13] R. Doc. 16 at 4.
[14] *Id.* at 5.
[15] R. Docs. 17 and 18. The court notes defendants styled R. Doc. 17 as a new dispositive motion. Because the court previously converted the December 12, 2025 motion to dismiss to a summary judgment motion, the new motion is unnecessary and is, therefore, denied as moot.

## II. ANALYSIS

### A. Summary Judgment Standard

Summary judgment must be granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56. The movant has the initial burden of "showing the absence of a genuine issue as to any material fact." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). The respondent must then "produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat. Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). Evidence that is "merely colorable" or "is not significantly probative" is not sufficient to defeat summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"An issue is material if its resolution could affect the outcome of the action." *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001). Thus, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. Although this court must "resolve factual controversies in favor of the nonmoving party," it must only do so "where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). The court must not, "in the absence of any proof, assume that the

nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

"Summary judgment is appropriate where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, or where it is so overwhelming that it mandates judgment in favor of the movant." *Armstrong v. City of Dallas*, 997 F.2d 62, 67 (5th Cir. 1993). Summary judgment is also appropriate if the party opposing the motion fails to establish an essential element of her case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Courts are discouraged from automatically granting a motion for summary judgment simply because it is unopposed. *Spann o/b/o Spann v. Bogalusa City Police Dep't*, No. 20-cv-2780, 2021 WL 4318133, at *2 (E.D. La. Sept. 23, 2021) (citation omitted). Thus, the movant is still required to establish the absence of a genuine issue of material fact, and if he fails to do so, the court must deny the motion, even if there was no response. *Id.* (citing *Hetzel v. Bethlehem Steel Corp.*, 50 F. 3d 360, 362 n.3 (5th Cir. 1995)) (other citation omitted). Nevertheless, in the absence of an opposition to summary judgment, the court may deem the movant's statement of facts as undisputed. *Loeber v. Bay Tankers, Inc.*, 924 F. 2d 1340, 1345 (5th Cir. 1991) (per curiam), *cert. denied*, 502 U.S. 819 (1991); see also Fed. R. Civ. P. 56(e). Furthermore, "the court has no obligation to sift through the record in search of

evidence to support the nonmovant's opposition to the motion for summary judgment." *Morgan v. Federal Express Corp.*, 114 F. Supp. 3d 434, 437 (5th Cir. 2015) (internal quotation marks omitted).

**B. Federal Constitutional Claims**

The constitutional rights of pretrial detainees "descend from the procedural and substantive due process guarantees embedded in the Fourteenth Amendment". *Baqer v. St. Tammany Parish Gov't*, No. 20-cv-980, 2025 WL 948167, at *5 (E.D. La. Mar. 28, 2025) (citing *Estate of Henson v. Wichita County*, 795 F.3d 456, 462 (5th Cir. 2015)). As a pretrial detainee, Davis' section 1983 claims are analyzed under the Fourteenth Amendment. Defendants assert a qualified immunity defense.

Qualified immunity shields "government officials performing discretionary functions ... from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

To overcome a qualified immunity defense, a plaintiff must demonstrate: (1) the violation of a statutory or constitutional right; and (2) the right was "clearly

established" at the time of the challenged conduct. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citation omitted). A government official's liability "generally turns on the 'objective legal reasonableness' of the action ... assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Anderson v. Creighton*, 483 U.S. 635, 639 (1987) (internal citation omitted).

Davis claims Gordon violated his constitutional rights by using excessive force. Force against a pretrial detainee is "excessive" and violates the Fourteenth Amendment when it is objectively unreasonable. *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015). Reasonableness "turns on the facts and circumstances of each particular case." *Id.* at 397 (internal quotation marks omitted). "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* (citation omitted). Courts "must also account for the 'legitimate interests that stem from the government's need to manage the facility in which the individual is detained,' appropriately deferring to 'policies and practices that in the judgement' of jail officials 'are needed to preserve internal order and discipline and to maintain institutional security.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 540 (1979)). Considerations bearing on reasonableness of force include: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the

responsible officials; and (5) any efforts made to temper the severity of the forceful response. *Id.*

Davis claims when Gordon took him to the ground, his arm was "disjointed and dangling." He says subsequent surgery has limited use of his arm.[16] However, Davis presents no evidence of the extent of his injuries. Alone, that justifies dismissal. But, defendants also provide a video of the June 24, 2025 incident from two different viewpoints, as well as affidavits of individuals involved.

The video shows Gordon counting inmates when Davis acted hostile and aggressively towards Gordon. He menacingly approached Gordon multiple times. Gordon gave Davis numerous chances to calm down and back up. But Davis refused, approached closer, waved his hand in a gun-like motion, and uttered "that was why he was going to get shot in the head." Gordon then tackled Davis, restrained him, and led him out of the cell block.

The affidavit of the warden of the Terrebonne Parish jail says Gordon was never formally disciplined (including for excessive force), and Davis was criminally charged.[17] An affidavit from a Terrebonne Parish Sheriff's Office senior detective who investigated the incident noted Gordon's version of events was confirmed, and Davis was charged with aggravated assault upon a police officer.[18]

[16] R. Doc. 3-2 at 4–5.
[17] R. Doc. 17-2.
[18] R. Doc. 17-5.

The video demonstrates the need for force. Davis acted aggressively and menacingly towards Gordon. An officer may apply force "when necessary to control a recalcitrant inmate." *White v. St. Tammany Sheriff's Dep't*, No. 22-cv-3049, 2025 WL 744147, at *4 (E.D. La. March 7, 2025) (internal quotation marks and citation omitted); *Thomas v. Comstock*, 222 Fed. App'x 439, 442 (5th Cir. 2007) (holding that a certain level of force is reasonable to ensure inmate compliance with orders). The force used by Gordon was objectively reasonable. The video refutes Davis' assertion that he "did not pose a physical threat and was compliant with [Gordon's] orders".[19] He was a non-compliant threat.

At least a dozen inmates were in the cell block during the incident involving Gordon and Davis. *See White*, 2025 WL 744147, at *5 ("Critically, the altercation occurred in a crowded prison dayroom, which increased the threat of an institutional security threat … Indeed, "[d]isobeying orders poses a threat to the order and security of an institution.") (internal quotation marks and citations omitted). It was reasonable for Gordon to quickly defuse the situation to ensure the safety of Gordon, the officers, and the other inmates.

The summary judgment evidence shows Gordon did not violate Davis' constitutional rights. Because there is no constitutional violation by Gordon, any

[19] R. Doc. 3-2 at 4.

claim against Soignet in his official capacity cannot proceed. Davis' excessive force claims under the U.S. Constitution fail.

### C. Louisiana Constitutional Claims

Davis alleges defendants violated the Louisiana Constitution, but does not say what provision of the Louisiana Constitution was violated or how his rights under the Louisiana Constitution differ from those under the federal constitution. Regardless, excessive force claims under both the federal and Louisiana constitutions turn on whether the force used was objectively reasonable. *Shepherd v. City of Shreveport*, 920 F.3d 278, 286 (5th Cir. 2019) (citations omitted). Because Gordon's actions were reasonable, Davis' state constitutional claims cannot survive summary judgment.

## III. CONCLUSION

**IT IS ORDERED** that defendants' Motion for Summary Judgment (R. Doc. 10) is **GRANTED**. Plaintiff's claims against Timothy Soignet and Zakyrus Gordon are **DISMISSED, WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that defendants' Motion of Conversion of 12(b)(6) Motion for Summary Judgment of Defendants, Sheriff Timothy Soignet and

Deputy Zakyrus Gordon on the Issue of Qualified Immunity (R. Doc. 17) is **DENIED** as moot.

New Orleans, Louisiana, this 4th day of November 2026

WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE